IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY EARL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00636 |
| v. | ) |
| | ) Judge Nixon |
| CAROLYN COLVIN, | ) Magistrate Judge Brown |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is Plaintiff Tommy Earl Jones's Motion for Judgment ("Motion"). (Doc. No. 30.) Defendant Commissioner of Social Security filed a Response (Doc. No. 35), to which Plaintiff filed a Reply (Doc. No. 36). Magistrate Judge Brown subsequently issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed. (Doc. No. 37 at 13.) Plaintiff then filed an Objection to the Report. (Doc. No. 40.) Upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I. BACKGROUND

　　*A. Factual Background*

　　The Court adopts the facts as stated in the Review of the Record in Magistrate Judge Brown's Report. (Doc. No. 37 at 2–8.)

　　*B. Procedural Background*

1

On September 4, 2008, Plaintiff protectively filed an application for Supplemental Security Income ("SSI"). (Tr. 141–47.)[1] Plaintiff alleged disability with an onset date of February 1, 2005, due to intestinal problems, a hole in his intestinal wall, Crohn's disease, and anemia.[2] (Tr. 141, 163, 194, 200.) The application was initially denied on February 3, 2009, (Tr. 89–93), and again upon reconsideration on April 30, 2009 (Tr. 96–98). Plaintiff filed a timely written request for a hearing on May 16, 2009. (Tr. 99–101.) On October 21, 2010, a video hearing was held before Administrative Law Judge ("ALJ") Donald A. Rising, at which Plaintiff and Vocational Expert ("VE") Julian Nadolsky testified. (Tr. 39–86.) On February 2, 2011, the ALJ determined that Plaintiff was not entitled to SSI benefits. (Tr. 25–34.) Specifically, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 4, 2008, the application date (20 CFR 416.071 *et seq.*).

2. The claimant has the following severe impairment: duodenitis (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. Claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) but would be limited to frequent climbing, balancing, stooping, kneeling, crouching, and crawling.

5. The claimant is capable of performing past relevant work as a forklift operator (medium, semi-skilled); and machine feeder (medium, unskilled). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

---

[1] An electronic copy of the administrative record is docketed in this case at Doc. No. 25.
[2] The alleged onset date for Crohn's disease and anemia was February 18, 2009.

> 6. The claimant has not been under a disability, as defined in the Social Security Act, since September 4, 2008, the date the application was filed (20 CFR 416.920(f)).

(Tr. 30–34.)

Plaintiff filed a request for review of the hearing decision on March 7, 2011. (Tr. 17–22.) On May 29, 2012 and again on September 24, 2012, the SSA Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1–12.) Plaintiff filed this action *pro se* on June 22, 2012, seeking judicial review of the ALJ's final decision under 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.) Pursuant to Magistrate Judge Brown's November 6, 2012, order (Doc. No. 26), Plaintiff filed a Motion for Judgment on November 16, 2012 (Doc. No. 30). Defendant filed a Response on February 6, 2013. (Doc. No. 35.) On February 13, 2013, Plaintiff filed a Reply. (Doc. No. 36.) On August 21, 2013, Magistrate Judge Brown issued the Report, recommending that Plaintiff's Motion be denied, and the decision of the Commissioner be affirmed. (Doc. No. 37 at 13.)

On August 30, 2013, Plaintiff filed an Objection to the Report, objecting to the Report's conclusion that the ALJ did, in fact, consider the Centennial Medical Center ("CMC") records in his determination. (Doc. No. 40.)

## II. STANDARD OF REVIEW

"The handwritten pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). On the other hand, district courts are not "required to create" a pro se litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *see*

*also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts ... have been willing to abrogate basic pleading essentials in *pro se* suits.").

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). However, Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2012). Therefore, the Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Plaintiff raises two objections to Magistrate Judge Brown's Report. (Doc. No. 40 at 1–3.) Plaintiff's first objection is that the Magistrate Judge did not have authority to take Plaintiff's February 23, 2009, medical exam, conducted by Dr. Scott A. Montesi, into account when reviewing the ALJ's findings, because he argues the ALJ's decision did not rely on or mention Dr. Montesi's report. (*Id.* at 1.) Dr. Montesi reported Plaintiff's"[s]mall bowel series demonstrates a persistent, irregular long segment of the distal/terminal ileum consistent with Crohn's disease." (Tr. 325.) Despite Plaintiff's argument to the contrary, ALJ Rising specifically noted this report in his findings, explaining

> The impression from February 2009 small bowel series at Centennial Medical Center was a persistent, irregular long segment of the distal/terminal ileum consistent with Crohn's disease, but a biopsy showed ulceration with active inflammatory exudate that was not specifically suggestive of involvement by Crohn's disease, noting alternative possibilities of infection, ischemia, or chemical related injury.

(Tr. 31.)

Thus, ALJ Rising's determination, which quoted language from Dr. Montesi's report, clearly took into account the results of Dr. Montesi's February 23 medical exam and Magistrate Judge Brown properly considered it in his Report. Accordingly, the Court finds Plaintiff's first objection to be meritless.

The Court interprets Plaintiff's second objection as claiming that the ALJ erred by misinterpreting Dr. Douglas J. Erickson's February 18, 2009, pathology report and Dr. Montesi's February 23, 2009, medical exam results as supporting the conclusion that CMC doctors did not diagnose Plaintiff with Crohn's disease. (Doc. No. 40 at 2–3.) *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their

pleadings and filings."); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction [of *pro se* pleadings and filings] requires active interpretation in some cases . . . .").

Plaintiff's medical records show that he was treated for abdominal pain and weight loss at CMC on February 13, 17, 23, and April 6, 2009. (Tr. 320–36.) On February 13, 2009, Dr. Babu Rao performed an esophagogastroduodenoscopy and a biopsy to evaluate Plaintiff's abdominal pain and ordered a colonoscopy because Plaintiff's prior medical findings suggested Plaintiff had Crohn's disease of the small bowel. (Tr. 331.) In a pathology report from CMC dated February 16, 2009, Dr. Dan E. Connor analyzed the samples taken from the February 13 biopsy and diagnosed Plaintiff with "[b]enign gastric antral mucosa with focal mild active gastritis." (Tr. 332.) On February 17, 2009, Dr. Rao performed a colonoscopy and a biopsy and reported that he suspected Plaintiff had Crohn's disease. (Tr. 327.) In a pathology report dated February 18, 2009, Dr. Erickson analyzed the samples taken from the February 17 biopsy and diagnosed Plaintiff with "[u]lceration with active inflammatory exudate" which was "consistent with, but not specifically suggestive of, involvement by Crohn's disease." (Tr. 328.) Accordingly, the Court finds neither Dr. Connor nor Dr. Erickson diagnosed Plaintiff with Crohn's disease in their pathology reports.

Subsequently, Dr. Montesi performed a small bowel series exam on February 23, 2009, for which his report noted Plaintiff was "[n]ewly diagnosed [with] Crohn's disease." (Tr. 325.) However, Dr. Montesi listed the abnormalities found during the exam as "consistent with," but not dispositive of, Crohn's disease. (*Id.*) On April 6, 2009, Plaintiff presented to the emergency room at CMC with abdominal pain. (Tr. 320.) Dr. Terry Wayne Cain wrote "[s]ignificant for Crohn's" under past medical history, but after examining Plaintiff in the emergency room and

finding no notable abnormalities in his blood work, Dr. Cain determined that Plaintiff did not meet the criteria for admission and reported that his final impression of Plaintiff's condition was simply "[a]bdominal pain." (Tr. 320–21.) A review of the medical records provided by CMC demonstrates that Crohn's disease was only one possibility among a number of alternative diagnoses considered by treating physicians evaluating Plaintiff's symptoms. Thus, the ALJ did not err in concluding that Plaintiff's medical records do not prove Plaintiff has Crohn's disease.

As a general matter, the Court finds Plaintiff did not provide any evidence to show that the ALJ's decision was erroneous or that the ALJ violated procedural guidelines in rendering his decision. Even if supported by substantial evidence, a decision of the ALJ will not be upheld where the ALJ fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004). For instance, in *Cole v. Astrue,* 661 F.3d 931, 938–39 (6th Cir. 2011), the court reversed the judgment of the district court because the ALJ did not provide good reasons for the weight given to a treating physician's opinion. In *Felisky v. Bowen*, 35 F.3d. 1027, 1040–41 (6th Cir. 1994), although the plaintiff's doctors were not able to agree on a single diagnosis, the court found substantial evidence did not support the ALJ's decision to deny benefits based on the plaintiff's credibility because the plaintiff's testimony was consistent with information provided to doctors and none of her doctors expressed doubts about her symptoms. In that case the court additionally considered other factors that supported the plaintiff's credibility, such as the plaintiff's long work history with a distinct onset date and the plaintiff's testimony about her daily activities. *Id.* at 1039–41.

In this case, the Court finds the ALJ's decision to deny benefits is supported by substantial medical and other evidence in the record. The Court agrees with the ALJ that

7

Plaintiff's medically determinable impairments could cause Plaintiff's alleged symptoms, given Plaintiff's lengthy record of abdominal pain. (Tr. 32–33.) However, Plaintiff's statements concerning the limiting effects of those symptoms are not supported by the evidence in the record and conflict with his RFC assessment and stated level of activity While the plaintiff's testimony in *Felisky* about her daily activities was consistent with the level of pain she had, Plaintiff here testified that he did about one hundred pushups and one hundred situps despite the fact that he had "pain 24 hours a day." (Tr. 72–73.) Plaintiff's stated exercise routine involves activity that requires heavy utilization of abdominal muscles, which is inconsistent with Plaintiff's complaints of constant, debilitating abdominal pain. Accordingly, the Court finds the ALJ properly considered the evidence in the record to determine the weight he gave Plaintiff's subjective statements of pain and Plaintiff's objection is meritless.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report in its entirety. Plaintiff's Motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the _____ day of July, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT