UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| TOMMY EARL JONES<br>　　Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security<br>　　Defendant. | No. 3:12-0636<br>Judge Nixon |

## ORDER

The plaintiff is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. On August 13, 2014, he filed a Notice of Appeal (Docket Entry No. 58) challenging the dismissal of this action.

In order to prosecute a civil appeal, a prisoner plaintiff must first file a timely Notice of Appeal accompanied by either the full appellate filing fee or an application to proceed *in forma pauperis* with a certified copy of his trust fund account statement. 28 U.S.C. § 1915(a).

The plaintiff has submitted neither the full appellate filing fee nor the requisite documentation to proceed on appeal *in forma pauperis*.

Therefore, the plaintiff is hereby **GRANTED** thirty (30) days from the date of entry of this order on the docket in which to submit to the Clerk of Court either the full appellate filing fee of five hundred five dollars ($505.00) or an application to proceed on appeal *in forma pauperis* with a certified copy of his trust fund account statement for the six month period immediately preceding the filing of the Notice of Appeal.

If the entire filing fee is not paid or the appropriate indigency papers are not filed within the designated thirty day period, the Court of Appeals may dismiss the appeal for failure to prosecute under Rule 3(a), Fed. R. App. P., and this Court will assess the entire filing fee. If dismissed under such circumstances, the appeal will not be reinstated despite payment of the full filing fee or subsequent correction of any documentary deficiency. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir.1997).

An extension of time to pay the filing fee or to file the appropriate documentation for pauper status may be requested from this Court if filed within thirty days from the date of entry of this order. Floyd v. United States Postal Service, 105 F.3d 274, 279 (6th Cir.1997).

The Clerk is directed to forward a copy of this order to the Clerk of the Court of Appeals.

It is so ORDERED.


John T. Nixon
Senior District Judge